that to us and let you sit down and you can be the appellee now. Thank you, Mr. Press. I'm reserving three minutes. You've put down three minutes. That's fine, if you'd like that. And I probably, if I would be permitted, can I take one minute of my five to respond to something on the main case? Go ahead. The idea that infringement cases are comparable to DMCA cases is just plain wrong. DMCA is for different purposes. They have their own statutory damages and plaintiff is seeking up to $150 million in statutory damages, which besides being absurd, leads me to think, well, they should at least be able to prove that they have a copyright in the work. So let me go on to – And we'll reset the clock for you there. Happy to hear that on your old time and ensure rebuttal. Thank you, Your Honor. Okay. I have a rather concise argument on the attorney's fees. Just five minutes. We decided only to appeal the denial of Lanham Act attorney's fees because we are aware of the, you know, great discretion that district courts have in awarding attorney's fees. But we think that because the test that should be applied is the octane test, which is an exceptional case, is one that stands out from most cases with respect to the relative merits, that if the octane tests were applied, or at least if the district court were given an opportunity to provide, to apply it, that – So octane had come down before – Oh, definitely it had come down. And it wasn't argued to the district court. No. And I think I understand why. I wasn't there. But the Second Circuit – Why isn't that forfeited? There's no – well, first of all, we have to work a little bit backwards. If this Court were to decide that the octane test should apply in the Second Circuit, then the cases clearly say that a change in the law should be applied even as long as the case is still pending. We sit here on a – I won't say a daily basis, but from month to month where prescient attorneys, who are paid to be prescient, argue to us a case that they know is contrary to circuit precedent, for example, in order to preserve that issue to take it up to the Supreme Court. Well – And I suspect that happens even more frequently in the district court, where they know that circuit precedent is against them, but they feel an obligation, particularly in criminal cases, to preserve an issue for their clients in case the Supreme Court wants to take another look at it. So why shouldn't, in this civil case, your client be held to that same standard? Well, it's a very straightforward reason, which is it's – Yeah. It's from U.S. v. Schooner Peggy right up through a decision by Judge Calabresi, Ahearn v. Nation of – City of Nassau. Every time this has been before the Court, when the – when the law changes, in that case, there was an Educational Amendments Act that the Supreme Court had interpreted differently than the district court had applied. So the case was on appeal, and the Court said that it's necessary to apply the changed law. That's – And if you think about what you're suggesting, then sadly, the – take an old case, and instead of – it's an easier statement to make. You argue back at the district judge. You lose something. You win a point. You lose all that, and you go up to the circuit and say, uh-oh, there's this other case that actually rules, and oh, I didn't agree with the district judge's opinion. Well, I don't think it was a waiver because, in effect, the standard was bad faith at the time it was before the district court. If the standard changes while the case is still on appeal, we're simply suggesting that the district court should then use its discretion to apply the new standard. Could I just ask about a harmless error issue, though? Sorry? Could I just ask about a harmless error type issue? Yes. So when the district court ruled on this after talking about bad faith, she did go on to say, moreover, even if Tri-State could establish bad faith, the court would exercise its discretion to deny a fee award in this case. Courts in this circuit have declined to award fees in cases like this one that, quote, end quote, and where the outcome was by no means a foregone conclusion. So didn't she also apply that lesser standard than the bad faith test at the time? Well, I think if — I don't know how she would rule if she applied Octane because what we're saying is this was so far off the mark not to even allege likelihood of conclusion. Did this fit in neatly within Octane, that conclusion? I'm sorry. Excuse me. Wouldn't what I just read fit within Octane? Would it be permissible under Octane? Isn't it consistent with Octane? It's not inconsistent. I just think that the Court might rule differently if it applied a different standard and if Your Honors adopt the standard. Thank you. And you reserve three minutes for rebuttal, Mr. Bernstein. Mr. Press. Thank you, Your Honor. As your questions reached, it's our position that this argument was completely forfeited. It wasn't raised. There was no argument that a different standard should apply. And so there's nothing to talk about here. But even if the Octane standard did apply, I think what Your Honor was asking before, I think you're going in a direction that I was, which is that the court, the companion case to Octane made absolutely clear that even after Octane, the district judge still retained absolute discretion whether or not to award fees, even if the Octane case talks about what is the definition of exceptional. Beyond that, the district court retains absolute discretion to decide whether or not fees are appropriate. Here, a district judge could not have been more clear throughout not only the Lanham Act piece of this fee decision, but throughout the rest of the decision, that in her view, this was a very hard-fought case. This was a small piece of the case, and it wasn't a frivolous argument. It was something that just was unsuccessful. And in her view, she said both that it wasn't exceptional and that even if it was exceptional, she would decline, she would use her discretion to decline to award fees. I don't see how there's any way her opinion would change if the standard was slightly different. And I do feel that the standard, the Octane standard, isn't really so different from the standard applied by this Court now anyway. So I think that it would be futile to – for the Court to send this issue back, since I think it's a foregone conclusion as to what she thinks. And so I think that – I don't have much more to say unless the Court has any questions.